# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

TABITHA WHITE,

      *Plaintiff*,

v.                        Case No. 4:17cv59-MW/CAS

UNITED STATES, ET AL.,

      *Defendants.*

_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER

This Court has considered, without hearing, the government's Motion for Entry of Privacy Act Protective Order, which this Court construes as a Motion for Protective Order. ECF No. 23. Previously, that motion was inadvertently granted based on this Court's misguided belief that Plaintiff consented to the motion. *See* ECF No. 24 (granting motion); ECF No. 25 (withdrawing order). After considering the parties' arguments, this Court adopts the minor modifications outlined in Plaintiff's proposed order. ECF No. 27-1. The government simply cannot

1

refuse to produce documents (or liberally redact them so that they may as well have not been turned over at all) such that it hinders proper resolution of the claims at issue. But that is precisely what it attempts to do here. Plaintiff's proposed modifications protect the identifies of those with privacy interests at stake, while still allowing crucial information to be used in this case and, potentially, similar cases in the future. Thus, the government's motion for protective order is due to be granted in part and denied in part.

The terms and conditions of the protective order are as follows:

A. Plaintiff has alleged sexual misconduct by an employee of the United States and has further alleged a pattern of sexual misconduct and tolerance of sexual misconduct at FCI Tallahassee women's prison.

B. To prove her case, Plaintiff will need discovery of records, data and other materials, and information, responses to interrogatories and requests for admission, and taking of testimony by oral deposition.

C. The scope of discovery will necessarily encompass the production of records that may contain sensitive and

confidential information of a non-public nature (hereinafter referred to as "Confidential Information").

D. Confidential Information may include medical, psychological, and behavioral conditions of not only the Plaintiff and Defendant, but also other persons who are not parties to this action. Private health information which is or may be confidential will necessarily be revealed as relevant discovery in this action.

E. Other information relevant to this action includes, without limitation, affidavits, interviews, investigative reports, criminal records, employment records, memoranda, letters, photographs, diagrams, audio and video recordings, and other records that may include identifying information of alleged witnesses to sexual misconduct, alleged perpetrators of sexual misconduct, or alleged victims of sexual misconduct.

Accordingly,

**IT IS ORDERED:**

1. The government's Motion for Protective Order, ECF No. 23, is **GRANTED** in part and **DENIED** in part.

2. When used in this Order, the word "record" means all written, recorded or graphic matter whatsoever produced by the Responding Party pursuant to production request, subpoena or agreement. The word "party" or "parties" means the parties to this agreement their attorneys and attorneys' staffs.

3. This Order governs all "Confidential Information," including all copies and excerpts or notes thereof. The designation of information as "Confidential Information" does not create any presumption for or against that treatment. The Discovering Party does not waive its right to make application to this Court, with notice, for a determination that any Confidential Information produced by the Responding Party *does not* contain sensitive and confidential information. If disputes arise concerning the propriety of designating records as Confidential Information, or concerning any other matter relating to the application of this Order, counsel shall attempt to resolve such disputes by agreement before seeking a court order. If counsel cannot resolve such disputes by agreement, they may ask this Court to

resolve these disputes pursuant to the applicable Rules.

4. All Confidential Information shall be used only for preparation for trial and shall be disclosed only in accordance with the terms of this Order. This Order does not cover materials disclosed in other litigation and not subject to a protective order or other limitation on its use or dissemination.

5. Confidential Information shall be provided to the Discovering Party by the Responding Party in unredacted form but will be properly redacted under Fed. R. Civ. P. 5.2(a) prior to being filed. Names of alleged victims of sexual abuse shall be replaced by initials.

6. The Discovering Party in this action shall not disclose Confidential Information except to the following persons:

    a. counsel and employees of counsel for the Discovering Party who are employed in connection with preparation for and trial of this litigation;

    b. experts or consultants retained to furnish technical or expert services specifically for this

    litigation or give testimony in connection with this litigation, including independent experts hired specifically for this litigation, employees of parties herein designated by said parties as experts hired specifically for this litigation, and employees or clerical assistants of said experts performing work in connection with this litigation, to the extent deemed necessary by counsel;

  c. this Court and court personnel, as necessary in support of motions, pleadings and other court papers and proceedings; provided that Confidential Information may be disclosed at any evidentiary hearing as long as the party who produced the Confidential Information in the first instance has sufficient notice of its disclosure to enable that party to seek protection from this Court of the Confidential Information;

7. Before disclosing Confidential Information to any other person enumerated in paragraph 4(a) and (b), the Discovering Party must first inform each such person that the records containing Confidential Information to

be disclosed are to be held in confidence, used solely for the purpose of preparing for this litigation, and further that these restrictions are imposed by a court order. The Discovering Party in this action shall obtain from each person reviewing Confidential Information under the authority granted in paragraph 4(a) and (b) an affidavit in the form affixed hereto as Exhibit "A."

8. Upon final termination of this action, whether by settlement, dismissal or other disposition, the provisions hereof relating to the Confidential Information shall continue to be binding upon all attorneys of record, their staff, co-counsel, experts, consultants and others. Unless otherwise retrieved from this District Court, after the expiration of 45 days following such final termination, any Confidential Information that has been filed in this action under seal shall be unsealed and treated in the ordinary course of the business of the Clerk of Court.

9. Counsel for the Discovering Party may use the Confidential Information obtained in this case in other cases brought or defended by them subject to the limitations of this Order and subject to any and all other

rulings by the judge before whom the case is pending.

10. Nothing in this Order shall be construed to limit the ability of the Discovering Party or her counsel to disclose publicly to other persons any records from which the confidential information has been redacted, or to disclose publicly statistical and other information compiled or deduced from these files, if the confidential information is not revealed or otherwise compromised by the disclosure. It shall be the obligation of counsel for Discovering Party to make such redactions before any such disclosure is made, subject to notice and review by the Responding Party's counsel and, if necessary, by this Court.

11. Identifying information that is deemed confidential may be disclosed if the person identified formally, either under oath or in writing, agrees to waive said confidentiality. Ten days before disclosure of the identity of the person waiving confidentiality, the Discovering Party shall notify the Responding Party in writing of the waiver of confidentiality.

12. Neither the Responding Party nor its counsel are required to provide notice to third parties whose information is being disclosed, as this Court presumes that all such persons would object to the disclosure of their confidential information even within the strict confines of this litigation, but has nevertheless determined that the very limited disclosure of the information under this Confidentiality Order is necessary for the determination of the issues in this litigation.  Through this Order, this Court is ensuring that the privacy interests of third parties in their confidential information will remain as intact and respected as possible, while at the same time affording the parties to this case the fullest opportunity to bring and defend this action.

13. This Order may be modified by further written stipulation signed by the undersigned attorneys and/or by the further notice of this Court upon application to this Court with notice.

14. Nothing in this Order shall be deemed a waiver of any party's right to object to the purported discovery on the

basis of relevance, materiality, privilege, over-breadth or any other recognized objection to discovery.

**SO ORDERED on August 21, 2017.**

<u>**s/Mark E. Walker**</u>
**United States District Judge**