UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TABITHA WHITE,

    *Plaintiff*,

v.                        CASE NO. 4:17CV59-MW/CAS

UNITED STATES OF AMERICA AND
OFFICER JIMMY HIGHSMITH,

    *Defendants.*
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

This Court has considered, without hearing, Defendant Federal Bureau of Prisons ("BOP")'s motion to dismiss, ECF No. 9.

Plaintiff Tabitha White ("White") was an inmate of BOP and housed in Federal Correctional Institution, Tallahassee ("FCI Tallahassee"). ECF No. 1, at 2; ECF No. 9, at 4. Defendant Officer Jimmy Highsmith ("Highsmith") was a correctional officer at FCI Tallahassee and supervised White. ECF No. 1, at 2.

Between March and May of 2014, White and Highsmith engaged in sexual intercourse on at least three occasions. ECF No. 1, at 3; ECF No. 9, at 4. White alleges these sexual interactions were not consensual, as Highsmith coerced her to have sex with

1

him by threatening her with discipline if she did not comply. ECF No. 1, at 3. Additionally, White alleges that other FCI Tallahassee prison officials helped Highsmith commit the sexual abuse by alerting him to any witnesses and by ordering inmates to clean the area where the sexual abuse allegedly occurred. *Id.* at 4. On May 15, 2014, White reported Highsmith's sexual abuse to BOP officials. *See id.* After BOP completed its investigation of White's allegations, BOP did not discipline or terminate Highsmith. *Id.* at 5; ECF No. 9, at 4. On March 10, 2016, White also filed an administrative complaint with the United States Department of Justice. ECF No. 8-1, at 1; ECF No. 9, at 4. During the course of these proceedings and investigations, White alleges BOP limited her counsel's ability to adequately represent her. ECF No. 1, at 6-7.

White now brings suit against Highsmith for cruel and unusual punishment in violation of her Eighth Amendment rights (Count I); and against BOP for negligence (Count II), battery (Count III), infringement of her First Amendment rights (Count IV), and injunctive relief (Count V) under the Federal Tort Claims Act ("FTCA"). ECF No. 1. BOP moves to dismiss all counts against

2

it.[1] ECF No. 9.

# I

As to Count II, White argues BOP breached its duty of care by negligently operating and managing FCI Tallahassee. ECF No. 1, at 10. Specifically, White contends BOP was negligent in: (1) hiring, retaining, and entrusting Highsmith; (2) failing to implement policies and procedures to prevent sexual abuse; (3) failing to properly supervise, investigate, and review FCI Tallahassee and Highsmith's conduct; (4) failing to properly investigate other inmates' allegations of sexual abuse; and (5) failing to properly investigate White's allegations of sexual abuse against Highsmith. *Id.* BOP argues Count II should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for a lack of subject-matter jurisdiction because the discretionary function exception applies. ECF No. 9, at 5.

The FTCA waives sovereign immunity and gives federal courts subject-matter jurisdiction over claims against the United States for the negligent acts or omissions of its employees. *See* 28 U.S.C. § 1346(b). However, the FTCA provides an exception to its

---

[1] BOP does not move to dismiss the claim against Highsmith.

3

waiver of sovereign immunity for "[a]ny claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Courts utilize a two-part test for determining whether the discretionary function exception applies: the government action at issue must (1) involve a judgment or choice that (2) the exception was designed to protect. *See Berkovitz v. United States*, 486 U.S. 531, 536 (1988).

BOP argues the discretionary function exception applies because it has discretion in deciding how to hire, train, supervise, and retain its employees, as well as how to conduct sexual abuse investigations. ECF No. 9, at 6-14. However, White's negligence claim also includes a theory that BOP failed to implement required policies and procedures to protect inmates, including White, from sexual abuse. ECF No. 1, at 5, 10.

The Prison Rape Elimination Act National Standards, 28 C.F.R. § 115 (2012), mandates BOP fulfill certain requirements for, among other things, training employees, reporting the completion of training and allegations of sexual abuse, and investigating

4

allegations of sexual abuse.[2] Therefore, while BOP may maintain discretion in some aspects of FCI Tallahassee's operation, the discretionary function exception does not apply if its conduct must follow legal mandate. *See Couzado v. United States*, 883 F. Supp. 691, 694-95 (S.D. Fla. 1995), *aff'd in part, rev'd in part on other grounds*, 105 F.3d 1389, 1395-96 & n.2 (11th Cir. 1997); *see also U.S. Fid. & Guar. Co. v. United States*, 837 F.2d 116, 120 (3rd Cir.), *cert. denied*, 487 U.S. 1235 (1988).

In short, some of White's theories, such as negligent hiring and supervision, may be barred by the discretionary function exception, *see Radford v. United States*, 264 F.2d 709, 710 (5th Cir. 1959);[3] however, other theories may not. Therefore, because dismissal of theories—rather than claims—is inappropriate at the motion to dismiss stage, BOP's motion as to Count II is denied. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015).

In so ruling, this Court is not suggesting that any of White's theories under Count II, including BOP's alleged failure to

---

[2] *See, e.g.*, 28 C.F.R. §§ 115.34 (mandating sexual abuse investigators receive "specialized training" and that the agency document the completion of such training); 115.71(k) (providing that "[a]ny State entity or Department of Justice component that conducts [sexual abuse] investigations shall do so pursuant to the above *requirements*." (emphasis added)).

[3] Fifth Circuit decisions issued before October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Phchard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

implement required policies and procedures, will survive a motion for summary judgment. Indeed, it may turn out that discovery reveals BOP did, in fact, implement and follow the legally mandated procedures and policies. Nonetheless, at this stage, BOP's motion is denied as to Count II because some of White's theories may not be barred by the discretionary function exception.

## II.

As to Count III, White argues BOP is liable for Highsmith's alleged sexual battery because he was acting within the scope of his employment and under color of law. ECF No. 1, at 11-12. BOP argues it has not waived its sovereign immunity because Highsmith was not acting within the scope of his employment. ECF No. 9, at 14-18. Additionally, even if Highsmith was acting under color of law, BOP contends there is nothing in the plain language of the FTCA that extends liability to torts committed outside the scope of employment. *Id.* at 19.

Ordinarily, sexual misconduct by employees is outside the scope of employment. *See, e.g., Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 756-57 (1998). However, under limited circumstances, such as where the employee was assisted in accomplishing the sexual misconduct by virtue of the

6

employer/employee relationship, an employee may still be within the scope of employment. *See McMillan v. Dep't of Corr.*, No. 5:13-cv-292-WS-GRJ, 2016 WL 4059230, at *3 (N.D. Fla. July 8, 2016).

BOP argues Highsmith was not acting within the scope of his employment because sexual conduct with inmates is not within his duties as a correctional officer and because he was not motived by BOP's interest. ECF No. 9, at 18. On the other hand, White alleges in her complaint that Highsmith threatened to take official action against her unless she had sexual intercourse with him. ECF No. 1, at 3. Additionally, White further alleges that prison officials assisted Highsmith with his sexual abuse against her. *Id.* at 4. Therefore, this Court cannot yet determine whether Highsmith was acting within the scope of his employment. *See McMillan*, 2016 WL 4059230, at *8; *see also Peña v. Greffet*, 110 F. Supp. 3d 1103, 1131 (D.N.M. 2015). Accordingly, BOP's motion to dismiss Count III is denied.

### III.

As to Count IV, White concedes that constitutional claims cannot be brought under the FTCA. ECF No. 14, at 14-15. Additionally, as to Count V, White also concedes that injunctive relief is unavailable under the FTCA. *Id.* at 16. As a result, White

7

requests leave to amend both counts. *Id.* at 15, 16. Therefore, this Court grants White's request for leave to amend Counts IV and V. Accordingly,

**IT IS ORDERED**:

1. BOP's motion to dismiss, ECF No. 9, is **GRANTED IN PART AND DENIED IN PART**.

2. BOP's motion to dismiss as to Counts II and III is **DENIED**.

3. BOP's motion to dismiss as to Counts IV and V is **GRANTED**. Both claims are **DISMISSED WITHOUT PREJUDICE**.

4. White has leave to file an amended complaint on or before October 27, 2017.

**SO ORDERED on October 17, 2017.**

                                        **s/Mark E. Walker          **
                                        **United States District Judge**